**MI ZUO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5517–ag.**

United States Court of Appeals,
Second Circuit.

Dec. 6, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Michael Brown, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Neeli Ben–David, Assistant United States Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mi Zuo, a native and citizen of the People's Republic of China, seeks review of a September 24, 2004 order of the BIA denying petitioner's motion to reopen her removal proceedings. *In re Mi Zuo,* No. A 95 200 468 (B.I.A. Sept. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). A motion to reopen must demonstrate *prima facie* eligibility for the underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Because the immigration judge ("IJ"), as affirmed by the BIA, denied Zuo's original claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the basis of the IJ's negative credibility assessment, Zuo's conclusory allegations of statutory eligibility for relief in her motion to reopen were insufficient to establish a *prima facie* claim. *See In re Sipus,* 14 I. & N. Dec. 229, 231 (BIA 1972). Moreover, because Zuo failed to file a direct appeal of the agency's adverse credibility determination, we will not now entertain her collateral challenge to the agency's credibility assessment. *See Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006).

 Zuo argues that the agency's adverse credibility determination reached only her claim of past persecution and did not extend to the factual predicate of the claims she raised in her motion to reopen: that additional evidence and deteriorated conditions further corroborated her fear of future persecution on account of her Zhong Gong practice. However, the IJ's decision, as affirmed by the BIA, fails to indicate that the adverse credibility determination was so limited. Indeed, the BIA rejected as incredible "the underlying asylum claim." Therefore, the BIA did not abuse its discretion in finding that Zuo failed to demonstrate *prima facie* eligibility for asylum, withholding, or CAT relief when it was presented with no arguments rehabilitating Zuo's credibility. *Cf. Paul,* 444 F.3d at 154.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).